UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUVENCIO VILLANUEVA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IDOC/ISF, et al., )<br>)<br>Defendants. ) | Case No. 2:13-cv-145-JMS-MJD |

**Entry Dismissing Complaint and Directing Further Proceedings**

In this action brought pursuant to 42 U.S.C. § 1983, plaintiff Juvencio Villanueva, an inmate at the Putnamville Correctional Facility, alleges that the defendants violated his rights by denying him access to appropriate medical care for his broken teeth.

Villanueva's complaint is subject to the screening requirement of 28 U.S.C. § 1915A. This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

Applying the foregoing standard, the complaint must be **dismissed**. While the plaintiff names a number of defendants in the caption of his complaint, he does not name any of the defendants in the body of the complaint or explain how any of the defendants participated in the denial of medical care he alleges. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was

charged with the administration of the institution and was responsible for all persons at the institution).

The dismissal of the complaint will not in this instance result in the dismissal of the action. Instead, the plaintiff shall have **through October 15, 2013,** in which to **file an amended complaint.** *See Luevano v. Wal-Mart Stores, Inc.*, 2013 WL 3599156, *6 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). In submitting an amended complaint, he shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If an amended complaint is filed as directed, the Court will screen it as required by 28 U.S.C. ' 1915A. If no amended complaint is filed, the action will be dismissed in its entirety without further notice to the plaintiff.

**IT IS SO ORDERED.**

Date:  09/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Juvencio Villanueva
218238
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914-9810